**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DEBORAH MINK, | Case No. 1:19-cv-300 |
| Plaintiff, | Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

**I.     Background**

Plaintiff Deborah Mink filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled.  See 42 U.S.C. §405(g).  Plaintiff proceeded through counsel at the administrative level and before this Court.[1]  On August 3, 2020, the Court denied Plaintiff's claims of error and affirmed the Commissioner's decision that Plaintiff was not disabled.  Final Judgment was entered on the same date.  All counsel were served with the Court's Memorandum Opinion and Judgment through the court's cm/ecf filing system.

Plaintiff's counsel did not file either a timely Notice of Appeal or any notification that she was withdrawing from representation.  However, on October 2, 2020, Plaintiff filed four pro se motions, including (1) a motion for appointment of a new representative;

---

[1]The parties have consented to disposition by the undersigned magistrate judge.  See 28 U.S.C. § 636(c).

1

(2) a motion seeking leave to proceed in forma pauperis on appeal; (3) a motion seeking electronic filing privileges; and (4) a motion to extend time to file an appeal with the Court of Appeals for the Sixth Circuit. For the following reasons, Plaintiff's motion to extend her appeal time will be granted, as will her motion seeking leave to proceed in forma pauperis on appeal. Plaintiff's motion seeking electronic filing privileges and her motion seeking the appointment of her disabled spouse a new lay representative will be denied.

II. Analysis

A. Motion to Extend Time to Appeal

In cases in which the Defendant is a United States agency, Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires a party to file a Notice of Appeal "within 60 days after entry of the judgment." Although neither Plaintiff nor her attorney filed a formal Notice of Appeal, Plaintiff filed a pro se motion seeking additional time in which to file a Notice of Appeal on the 60th day after the entry of judgment. The undersigned concludes from the record that Plaintiff's relationship with her attorney ended shortly after the adverse judgment was filed.

Under Rule 4(a)(5)(A), a district court may extend a party's time to file a notice of appeal if:

(i)　a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii)　regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

*Id.*

In her motion, Plaintiff alleges that she did not receive a copy of this Court's judgment (presumably from her attorney) until shortly before the expiration of the 60-day period. In light of the lack of any response in opposition or apparent prejudice to the

Commissioner, the Court will grant Plaintiff's request for a limited extension of time. Ordinarily, such extensions are limited to "14 days after the date when the order granting the motion is entered." *See* Rule 4(a)(5)(C). On the record presented, the Court will expand that time to 21 days. *See* Rule 4(a)(6).

### B. Motion to Proceed *In Forma Pauperis* on Appeal

Plaintiff previously was granted leave to proceed *in forma pauperis* before this Court, and seeks the same privilege on appeal. In the absence of changed circumstances, the Court will grant that motion.

### C. Motion for Appointment of New Representative

Plaintiff seeks the appointment of a non-attorney representative to appear on her behalf before the Court of Appeals for the Sixth Circuit. More specifically, Plaintiff seeks the appointment of her spouse, Philip Mink, a person she alleges previously has been determined to be disabled. (*See* Doc. 2 at 3; *see also* Doc. 19 at 1). Plaintiff's motion will be denied. Although a non-attorney representative is permitted to appear before the Social Security Agency, once administrative proceedings are concluded and a case is initiated in federal court, a litigant may appear only through counsel or pro se. *See* 28 U.S.C. § 1654; *see also Iannaccone v. Law*, 142 F.3d 553 (2nd Cir. 1998). A non-attorney may not appear in federal court on behalf of another individual. *Id.* Based upon the record presented and Plaintiff's appearance post-judgment, the Court will assume that Plaintiff wishes to proceed pro se, and direct the Clerk of Court to correct the record to reflect the termination of her prior counsel.

### D. Motion for Electronic Filing Privileges

Plaintiff's motion for electronic filing privileges also will be denied. When a pro se litigant first appears in this Court, the presiding judicial officer may exercise discretion to

3

permit use of the cm/ecf filing system under certain conditions. Here, however, the case in this Court has been concluded and judgment has been entered. Plaintiff successfully filed four separate post-judgment motions in this Court on October 2, 2020. All that remains is the filing of a Notice of Appeal. Plaintiff remains free to seek additional relief in the Court of Appeals, but there is no basis for granting her motion in this Court.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. The Clerk of Court shall correct the record to reflect the termination of Plaintiff's prior counsel as of October 2, 2020, and to reflect Plaintiff's pro se appearance on the same date, using the address and telephone number provided by Plaintiff on her motion for appointment of a new representative;

2. Plaintiff shall promptly notify the Court of any change in address or telephone number;

3. Plaintiff's motion to extend the time for filing a Notice of Appeal under Rule 4 of the Rules of Appellate Procedure (Doc. 20) is **GRANTED**, with any such Notice of Appeal to be filed not later than **November 25, 2020**;

4. Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 18) is **GRANTED**;

5. Plaintiff's motions for leave to file electronically in this Court and to appoint Phillip Mink as her non-attorney representative (Docs. 17, 19) are **DENIED**.

                                                */s Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge